UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JACKIE HAROLD MATTHEWS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16-CV-202-HBG |
|  | ) |  |
| NANCY A. BERRYHILL,[1] | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Jackie Harold Matthews ("Matthews") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

Matthews filed for Title II Disability Insurance Benefits and SSI in October, 2012 (Tr. 151-152). The application was denied (Tr. 97-100) and denied again on reconsideration (Tr. 108-11). Following a hearing, the Administrative Law Judge ("ALJ") entered an unfavorable decision in October, 2014 (Tr. 8-16). The decision became final when the Appeals Council denied review (Tr. 1-3).

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

## I. BACKGROUND

Matthews was 52 years of age when the ALJ issued the Decision in this case (Tr. 151). His past relevant work experience is as a warehouse laborer, dish washer, and janitor (Tr. 179).

The Plaintiff alleges disability based on hernias, high blood pressure, poor reading and writing skills, left knee injury, carpal tunnel syndrome and arthritis in his hands (Tr. 178). The Plaintiff claims an onset of disability date of November 30, 2008 (Tr. 151). Based on the medical evidence, the testimony of Matthews, the testimony of a vocational expert, and the entire record in this case, the ALJ concluded that the Plaintiff was capable of performing work, and therefore, was not disabled (Tr. 16).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health &

Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### III. ANALYSIS

Plaintiff's claim before this Court two-fold: (1) that the ALJ's RFC is not supported by substantial evidence because the ALJ improperly evaluated the opinions of Jeffrey Uzzle, M.D. and William Kenney, Ph.D., and (2) that the ALJ erred in applying the medical-vocational guidelines ("guidelines"). The Defendant argues that substantial evidence supports the ALJ's

3

finding that Matthews could perform work and is not disabled. The Court agrees with the Defendant, and finds that substantial evidence supports the ALJ's decision. The Court will address the Plaintiff's arguments in turn.

**A.      The ALJ's Evaluation of the Opinion Evidence of Dr. Uzzle and Dr. Kenney**

The ALJ determined that the Plaintiff retained the RFC to perform light work as defined in the regulations, with additional exertional, postural, manipulative, environmental, and mental restrictions (Tr. 12). Plaintiff argues that the ALJ's RFC is not supported by substantial evidence, because the ALJ erred in evaluating the medical opinions from examining sources Jeffrey Uzzle, M.D. ("Dr. Uzzle") and William Kenney, Ph.D. ("Dr. Kenney").

Dr. Uzzle was the physical consulting examiner. In December, 2012, Dr. Uzzle conducted a physical examination of Matthews (Tr. 314-16). Dr. Uzzle opined that during an 8-hour workday, Matthews could lift and carry up to 50 pounds occasionally, up to 20 pounds frequently, and up to 10 pounds constantly; he could sit for 2 hours at a time and 7 hours total; stand for 1 hour at a time and 5 hours total; and walk for 1 hour at a time and 4 hours total (Tr. 317-18). Dr. Uzzle said that Matthews could frequently use both hands and his left foot and could occasionally use his right foot (Tr. 319). Also, he said Matthews could occasionally perform postural activities (Tr. 320). Matthews could tolerate frequent exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, and vibrations (Tr. 321). Matthews could tolerate continuous exposure to other environmental conditions (Tr. 321). The ALJ gave partial weight to Dr. Uzzle's opinion (Tr. 14). The ALJ found that Dr. Uzzle's non-exertional opinions were consistent with the Plaintiff's presentation on examination, but included additional exertional limitations due to Plaintiff's hernia problems and atrophy in his right leg (Tr. 14).

Plaintiff argues that the ALJ ignored the following additional limitations opined by Dr. Uzzle: that Matthews could sit for 2 hours at a time and 7 hours total, stand for 1 hour at a time, and walk for

4

1 hour at a time (Tr. 317-18). The Plaintiff argues that those exertional limitations were more restrictive than the limitations included in the RFC.

The Defendant argues that the ALJ did not need to address those limitations, because the RFC is the most a claimant can still do despite the claimant's limitations. 20 C.F.R. § 404.1545(a)(1). Dr. Uzzle opined that Matthews could sit for 7 hours total, stand for 5 hours total, and walk for 4 hours total. The Defendant argues, and the Court agrees, that the ALJ reasonably considered that to be Dr. Uzzle's opinion about the maximum that Matthews could perform during an eight-hour workday. Plaintiff is correct that the ALJ did not discuss Dr. Uzzle's opinion on Plaintiff's ability to sit. The ALJ's RFC for light work, however, is consistent with Dr. Uzzle's opinion that Plaintiff could sit for 7 hours total during the workday. The Court finds that the ALJ reasonably evaluated Dr. Uzzle's opinion and did account for that opinion in the RFC.

Dr. Kenney was the psychological consulting examiner. In January, 2013, he conducted an examination of Matthews (Tr. 328-30). Dr. Kenney's diagnostic impression was depressive disorder. Dr. Kenney opined that Matthews had mild to moderate limitations in his ability to understand and remember, moderate limitations in social interaction, and moderate to marked limitations in concentration and persistence and adaptation (Tr. 329-30). The ALJ gave little weight to Dr. Kenney's opinion that Matthews had marked limitations in concentration and persistence and adaptation, as he found the extent of those limitations to be inconsistent with Plaintiff's lack of formal health treatment and Dr. Kenney's evaluation (Tr. 14).

Plaintiff argues that the ALJ failed to point to evidence that contradicted Dr. Kenney's opinion and that a lack of treatment cannot be enough to discredit the opinion. The Defendant argues that the ALJ could consider that Plaintiff's failure to seek treatment for his depression was inconsistent with the marked limitations opined by Dr. Kenney. The Court agrees. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) (recognizing that in cases where there is no indication that the failure to

seek treatment is a symptom of the disorder itself, the ALJ can reasonably find that a lack of mental health treatment reflects on the severity of the impairment). The Court also finds that the Plaintiff's lack of mental health treatment was not the only factor the ALJ considered. The ALJ also noted that Dr. Kenney's evaluation did not document anything to justify marked limitations (Tr. 14, 328-30).

The Court finds that the ALJ concurred with the majority of Dr. Kenney's assessment, but nevertheless reasonably found that with respect to Dr. Kenney's opinion that Plaintiff had moderate to marked limitations in concentration and persistence and adaptation, the record did not support marked limitations, only moderate (Tr. 14). Plaintiff did not allege that his depression was disabling and did not stop working due to any mental impairments (Tr. 178, 200-07). At the hearing, Matthews did not testify to any mental impairment or allege that it resulted in any limitations (Tr. 26-41). He did testify that his inability to read very well sometimes resulted in difficulty following instructions, and he had to request to have the instructions repeated (Tr. 41). The ALJ accounted for this limitation by restricting him to one- to three- step instructions and noting that he was functionally illiterate (Tr. 12). The ALJ also considered that Plaintiff reported many activities that demonstrated some ability to concentrate and persist, including the daily tasks of preparing meals, feeding his dogs, and taking care of household needs (Tr. 11, 201-03). Matthews also reported caring for his wife, who was on disability (Tr. 11, 26, 201). He only occasionally needed to be reminded to take his medication (Tr. 202). He was independent in his personal care, did laundry, and cleaned the house (Tr. 11, 201-03). He performed household repairs and could mow the lawn, both activities requiring concentration and persistence (Tr. 202). He reported no difficulties in memory, concentration, understanding, or following instructions (Tr. 205). With respect to adaptation, Plaintiff could travel alone, could "handle stress well," and reported no mental difficulty with handling changes in routine (Tr. 206). The Court finds that the Plaintiff's own reports are inconsistent with and undermine Dr. Kenney's opinion that he had marked limitations in concentration and persistence and adaptation.

### B.     The ALJ's Consideration of the Guidelines

In determining whether there was other work Plaintiff could perform, the ALJ considered the Plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational guidelines (guidelines) (Tr. 15). The ALJ found that Plaintiff had an RFC for light work (Tr. 12). The ALJ noted that the transferability of job skills was not material to the determination of disability because the guidelines supported a decision of "not disabled", whether or not Plaintiff had transferable job skills from his previous work experience(Tr. 15). Applying the guidelines, the ALJ found that if Plaintiff had the RFC to perform a full range of light work, a decision of "not disabled" would be directed by Medical-Vocational Rule 202.18 (Tr. 15). Rule 202.18 assumes a younger individual, with limited or less education, previous work experience of skilled or semiskilled work (skills not transferable), and an RFC for light work. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.18.

Plaintiff argues that the ALJ should have applied a different rule, that is, Rule 202.09, which assumes a person closely approaching advanced age, who is illiterate or unable to communicate in English, capable of only unskilled work or with no work experience, and an RFC for light work. This would have directed a decision of "disabled."

The Court finds, however, that the ALJ correctly found Matthews to not be "illiterate or unable to communicate in English." Matthews has a "marginal education" and "was able to communicate in English." The ALJ's determination of Plaintiff's education level is supported by the evidence. In his Disability Report, Matthews stated that he completed 8th grade in school (Tr. 179), and he confirmed that level of schooling at his administrative hearing (Tr. 26). Formal schooling of 7th grade through the 11th grade is considered to be a "limited education." 20 C.F.R. § 404.1564(b)(3). Plaintiff's past work in semi-skilled occupations is also consistent with a finding of "limited education," as it reflects "ability in reasoning, arithmetic, and language skills, but not enough

to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 404.1564(b)(3).

Plaintiff did submit educational records after his administrative hearing, which indicated that in the 6th grade, he was assessed with a 2nd grade reading level (Tr. 13, 235, 240-41). Considering this evidence, along with Plaintiff's testimony that he could not read very well, the ALJ found that Plaintiff had a "marginal education" (Tr. 15). A "marginal education" means "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." Formal schooling at a 6th grade level or less is a "marginal education." 20 C.F.R. § 404.1564(b)(2). Both Plaintiff's formal schooling and his past work performing semi-skilled occupations were more consistent with a "limited education," but the ALJ nonetheless gave Plaintiff the benefit of the doubt and restricted him to a "marginal education." The Court finds that under either of those education levels, a decision of "not disabled" was directed under the guidelines.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that substantial evidence supports the ALJ's Decision in this case. Therefore, it is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment [**Doc. 14**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 16**] be **GRANTED.** The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

Bruce Guyton
United States Magistrate Judge